IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Luis Alberto Palomeque-Lopez, ) | Civil Action No.: 4:13-cv-01800-RBH |
| ) | Criminal No.: 4:11-cr-02153-RBH-1 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court is Luis Alberto Palomeque-Lopez's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's Motion to Amend is denied, and Petitioner's Motion to Vacate is dismissed.[1]

**Procedural History and Factual Background**

On September 27, 2011, a federal grand jury returned a single-count indictment against Petitioner, charging him with illegal re-entry of an aggravated felon. On January 10, 2012, Petitioner entered a guilty plea. At a sentencing hearing held on April 26, 2012, the Court sentenced Petitioner to thirty-six months imprisonment. This judgment was docketed on April 27, 2012, and Petitioner did not appeal.

On July 1, 2013, Petitioner filed the instant Motion to Vacate [Doc. # 50], claiming that the Bureau of Prisons ("BOP") failed to properly credit his prior time served, and that his counsel was ineffective for failing to request such credit.

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *United States v. Burton,* 26 Fed. App'x 351 (4th Cir. 2002); *see also United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

## Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For purposes of the one-year limitation period, if a defendant unsuccessfully appeals the judgment of conviction, but does not file a petition for a writ of certiorari on direct review, the "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *See Clay,* 537 U.S. at 525; *see also* Sup. Ct. R. 13.1 ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered

2

by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

In deciding a § 2255 motion, the Court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

### **Discussion**

As discussed above, Petitioner's conviction and sentence were imposed by a judgment filed on April 27, 2012. Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, he had fourteen days from that date to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i) (amended Dec. 1, 2009). However, Petitioner did not pursue a direct appeal. Because Petitioner did not seek appellate review, his judgment of conviction became final for the purpose of starting the one-year limitations period on May 11, 2012. *See id*. Petitioner then had one year in which to file his Motion to Vacate. *See* 28 U.S.C. § 2255(f)(1). However, Petitioner's Motion to Vacate was not filed until July 1, 2013, nearly two months *after* the statute of limitations had run. As such, the Motion to Vacate is untimely on its face.

Petitioner does not argue that any impediment to his Motion to Vacate was removed within a year prior to its filing, or that the right asserted by Petitioner was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f).[2]

---

[2] The Fourth Circuit has held that, under certain circumstances, the AEDPA statute of limitations is subject to equitable modifications such as tolling. *United States v. Prescott,* 221 F.3d 686, 687–88 (4th Cir. 2000). Petitioner does not specifically argue that equitable tolling should apply to this case. This Court further notes that for the reasons discussed herein, such tolling would be inappropriate under the situation at bar. *See Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (holding that "rarely will circumstances warrant equitable tolling").

3

Petitioner does claim he "recently" discovered that he was denied credit for prior custody. This claim fails for three reasons. First, Petitioner does not identify when he discovered this issue and offers no explanation for why he could not have discovered the facts underlying this issue sooner. Second, Petitioner acknowledges that the Bureau of Prisons ("BOP") denied his request for credit in November 2012. He thus at least knew about this issue sometime prior to November 2012 and Petitioner does not explain why he still waited until now, eight months after this supposed discovery and after the statute of limitations has expired, to pursue this issue. Third, "[a] claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself." *Grimsley v. Lamana*, No. 0:06-cv-168, 2007 WL 963482, at *3 (D.S.C. March 28, 2007) (citing *United States v. Miller*, 871 F.2d 489–90 (4th Cir.1989). "As noted by the Fourth Circuit, judicial review [in these circumstances] must be sought under 28 U.S.C. § 2241," and not under 28 U.S.C. § 2255. *Id.*

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

## Conclusion

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is timer-barred, without merit, and that no evidentiary hearing is needed.

Based on the foregoing, it is **ORDERED** that Petitioner's Motion to Vacate [Doc. # 50] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
July 2, 2013